UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAYQUAWNN WILLIAMS, on
her own behalf and on behalf of
those similarly situated,

    Plaintiff,

v.                                                       CASE NO.:

FENG SHENG CHINA BUFFET INC,
a Georgia For-Profit Corporation dba
5 STAR CHINA BUFFET, JUN
JU CHEN, a/k/a JACK CHEN, an
Individual and VICKIE CHEN, an
Individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAYQUAWNN WILLIAMS ("Plaintiff"), on her own behalf and on behalf of those similarly situated, files this Complaint against Defendants, FENG SHENG CHINA BUFFET INC, a Georgia For-Profit Corporation d/b/a 5 STAR BUFFET, INC. ("5 STAR"), JUN JU CHEN, a/k/a JACK CHEN an Individual ("JC") and VICKIE CHEN, an Individual ("VC") (collectively "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as this is a claim for Unpaid Wages under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to recover unpaid back wages, overtime wages, an additional equal amount in liquidated damages, and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was, and continues to be, a resident of Thomas County, Georgia.

4. At all times material to this action, FENG SHENG CHINA BUFFET INC was, and continues to be, a Georgia For-Profit Corporation, doing business as 5 STAR. Further, at all times material to this action, 5 STAR was, and continues to be, engaged in business in Georgia, with a principal place of business in Decatur County, Georgia.

5. At all times material hereto, Defendant JC was an individual resident of the State of Georgia, Decatur County, who owned and operated 5 STAR, and who regularly exercised the authority to: (a) hire and fire

employees of 5 STAR; (b) determine the work schedules for the employees of 5 STAR; and (c) control the finances and operations of 5 STAR.

6. At all times material hereto, Defendant VC was an individual resident of the State of Georgia, Decatur County, who owned and operated 5 STAR, and who regularly exercised the authority to: (a) hire and fire employees of 5 STAR; (b) determine the work schedules for the employees of 5 STAR; and (c) control the finances and operations of 5 STAR.

7. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

10. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

11. At all times material to this action, Defendant 5 STAR was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendant 5 STAR was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

15. On or about September 2012, Defendants hired Plaintiff to work as a non-exempt server and kitchen worker for Defendants' company, a restaurant. Plaintiff was employed by Defendants in this position through on or about July 2013.

16. Plaintiff's job duties included, but were not limited to, serving food to customers and side work.

17. From at least September 2012 through July 2013, Defendants failed to pay Plaintiff at least federal minimum wage for all hours worked.

18. Specifically, throughout her employment with Defendants, Defendants failed to pay Plaintiff any wages at all. The only pay Plaintiff received was in the form of "tips" from customers.

19. Additionally, Defendants regularly withheld tips from Plaintiff to pay for customers who had walked out without paying their bills.

20. Further, Defendants did not provide Plaintiff with the statutorily required notice of their intent to take any tip credit as to Plaintiff's wages.

21. At various times between September 2012 and July 2013, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

22. From at least September 2012, and continuing through July 2013, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

23. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate of pay for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

24. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

25. Defendants have violated Title 29 U.S.C. §206 from at least September 2012 continuing through July 2013, in that:

5

    a.    Defendants have failed to pay Plaintiff proper minimum wage for all of her hours worked for Defendants as required by the FLSA;

    b.    No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff and similarly situated employees at the statutory minimum wage for each hour worked as provided by the FLSA; and

    c.    Defendants have failed to maintain proper time records as mandated by the FLSA.

26. Defendants have violated Title 29 U.S.C. §207 from at least September 2012 continuing through July 2013, in that:

    a.    Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendants;

    b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

      c.      Defendants have failed to maintain proper time records as mandated by the FLSA;

27. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

28. Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

29. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF MINIMUM WAGE COMPENSATION

30. Plaintiff re-alleges paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. Plaintiff was entitled to be paid the applicable federal minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendants.

32. Defendants failed to pay Plaintiff the federal minimum wage for each hour Plaintiff worked for Defendants.

33. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiff for same. As a result of Defendants' actions in this

regard, Plaintiff has not been paid the federal minimum wage for each hour worked during one or more weeks of employment with Defendants.

34. Defendants had specific knowledge that they were paying sub-minimum wage to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

35. Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

36. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

37. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA, including but not limited to failure to provide the required notice of intent to claim a tip credit.

38. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost federal minimum wage for one or more weeks of work contrary to 29 U.S.C. §206.

39. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs,

expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

40. Plaintiff re-alleges paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

41. From at least September 2012 through July 2013, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

42. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

43. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40)

hours per workweek when they knew, or should have known, such was, and is, due.

45. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this __7__ day of May, 2014.

<div style="margin-left: 40%;">

Respectfully Submitted,

_____
Todd K. Maziar, Esquire
GA Bar No.: 479860
MORGAN & MORGAN, P.A.
*For all correspondence:*
P.O. Box 57007
Atlanta, GA 30303
*Physical Address:*
191 Peachtree St., NE
Suite 4200
Atlanta, GA 30303
Tel: 404-965-8875
Fax: 404-720-3864
E-mail: tmaziar@forthepeople.com

Trial Counsel for Plaintiff

</div>